## CHAMPION SPARK PLUG CO. v. REICH et al.

### No. 4471.

District Court, W. D. Missouri, W. D.

Dec. 16, 1947.

P. L. Edwards, of Kansas City, Mo., for plaintiff.

Charles V. Garnett, of Kansas City, Mo., for Louis C. and Lois E. Reich.

REEVES, District Judge.

The plaintiff has filed its motion to produce and at the same time it seeks a ruling on defendant's refusal to answer questions on cross examination December 3rd last. With these the plaintiff filed supporting memorandum. The defendant has not filed a memorandum in opposition to either of the requests or motions submitted by the plaintiff.

■ Under Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, upon showing good cause, any party is entitled, upon notice, to the production for the purpose of inspection and copying or photographing of designated documents and records of the other party. The motion and the supporting affidavits show that the plaintiff is entitled in this case to inspect the records mentioned in the motion. This litigation has taken a wide range, and for many reasons, including the counterclaim of the defendant, the records should be before the court or at least counsel should have an opportunity to inspect them and copy or photograph them, if that be desired. Defendant can suffer no harm or damage because of this ruling. Moreover, as indicated, under Rule 34, Federal Rules of Civil Procedure, the plaintiff is entitled to such an order as a matter of right.

■ On the question of the defendant's refusal to answer questions, the record has been examined. The plaintiff presented a report of rating by Dun & Bradstreet covering the defendant and his business. The question was asked whether he agreed with the contents of the statement or whether the facts included were true. There is no reason why defendant should not have answered that question. It is the right of a cross-examiner to find out from a witness whether the facts stated either in signed or unsigned statements are true, if pertinent, and if they relate to him or his business. Unquestionably, the rating made by Dun & Bradstreet of the defendant would be a matter about which inquiry could be made of the defendant. Such ratings are relied upon by those engaged in commercial pursuits and as the court is advised, in many instances information given by Dun & Bradstreet and other commercial agencies is information obtained from the person or corporation about which the report is made. No ruling is needed whether the document would be competent evidence if the defendant should deny the facts stated therein. However, on that question it could be offered in the deposition subject to objection, and then the court could rule seasonably upon the objection.

Upon both reason and authority the plaintiff is entitled to have the records produced as set forth in its motion, and, moreover, it is entitled to continue its cross-examination of the defendant and have him answer the questions propounded. An order will be made accordingly.